Howei/d, J.
Plaintiffs, having obtained a judgment against the defendant, issued execution, and caused to be seized “ all the goods, movable effects, furniture, etc., to be found in the premises No. 10 Victory street, and occupied by the defendant,” whereupon Mrs. Rosalie Levy, wife of said defendant, enjoined the proceedings, claiming to be the owner of said property by virtue of a notarial act of settlement of a judgment of separation obtained by her against her said husband. The plaintiffs, besides the general denial, aver that said judgment was obtained through fraud and ill practices; deny that she ever had any property, and declare the proceedings for a separation to be a sham, intended to shield the husband’s property from his creditors. Judgment wasrendered perpetuating the injunction, decreeing the property seized to belong to Mrs. Michel, and condemning plaintiffs to pay §100 damages, from which they appealed.
It appears that on 22d June, 1858, one Isaac Levy, by authentic act, made a donation to his sister, Mrs. Michel, of a house and lot, and all the goods and merchandise then in said house, or store, in Waterloo, parish of Pointe Coupee, where the parties then resided, the property so donated being estimated at §2,500; that the said goods and merchandise were estimated in gross by two witnesses, at from §1,500 to §1,800; that the business of said store was continued until 1861 or 1862, one witness says, in the name and for account of Mrs. Michel; and another says, in the name of defendant, that subsequently they came to New Orleans; that in June, 1861, after judgment was obtained by plaintiffs, Mrs. Michel instituted suit, and obtained judgment against her husband, decreeing a separation of property, and condemning him to pay her the sum of §2,500; that on 11th July following, the said Michel and wife appeared before a notary, and in the execution of said judgment, which it is admitted was published, Mrs. Michel acknowledges “ to have received from her husband the articles of merchandise described in an annexed invoice, signed, ne varietur, by the parties, notary and witnesses,” but which is not in the record—which merchandise was valued at §1,850; and for the remaining sum of $700 due on said judgment, the said Michel transferred “ to his said wife, who accepts all the right and title and interest which he has or may have on or to a certain property situated in Waterloo, in the State of Louisiana;” that the property seized under plaintiffs’ -fieri facias, on 10th September following (1861) was worth upwards of §500.
We think the evidence too vague to prove the wife’s ownership of the property seized. The act by which she claims to have acquired it, does not describe the merchandise conveyed as to character, location, or other particulars, there is nothing to identify the merchandise thus bought by her, with the goods seized. The only evidence bearing on this point is the statement of one witness that he “ saw some goods in Victory street, which was seized by the sheriff. She bought some of these goods from different stores here.” Nor is the evidence clear, that the goods, given to her in Waterloo by her brother, passed into the possession of and were used by her husband. He may have conducted the store there in the name and for the benefit of his wife, as one of the witnesses states, and (he business proved unsuccessful; and he may have established business *274 in his own name in this city. The evidence, on which the judgment in favor of the wife was rendered, is in the record, and seems to be inadequate to sustain the judgment, and that which was introduced in this proceeding is not full and satisfactory. The parties may not have committed a fraud as charged, but the wife has certainly failed to prove her, title to the property seized, and the only evidence of the husband’s embarrassed circumstances, is the judgment in favor of plaintiffs.
It is therefore ordered, that the judgment appealed from be reversed; that the’injunction herein be dissolved, and that plaintiffs recover of Mrs. Rosalie Michel and Leon Blum, her surety, $100 damages and costs, in both courts.